UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JARULE DILLARD,

                                    Plaintiff,

                    -against-

JOHN DOE SGT. BADGE #2099,
JOHN DOE SGT. BADGE #5342,

                                    Defendants.
------------------------------------------------------------------X

FILED
CLERK

11/13/2025 1:31 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
25-CV-4014(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by Jarule Dillard ("Plaintiff"), acting *pro se*, and while incarcerated at the Riverhead location of the Suffolk County Correctional Facility (the "Jail"). *See* Docket Entry ("DE") 7. Upon review, the Court finds that Plaintiff is qualified by his financial position as reported on the IFP application to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, the Complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

### I.  Summary of the Complaint

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and seeks to challenge a single missed meal during the dinner service on March 16, 2025. (*See* DE 1, *in toto*.) Named as defendants are two corrections sergeants identified by badge numbers 2099 and 5342 (together, "Defendants"). (*Id*.) The brief statement of claim alleges, in its entirety:[1]

---

[1]  Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> On 3/16/25 at 4:00 pm dinner time at SCCF I didn't receive my halal tray. I asked two C.O. Badge #2099 about my tray and it's where abouts, he then went and got two Sgt. Badge #5342. I told him that I didn't receive my halal tray, he told me that he'll make sure it will come with the Ramadan meals even though I wasn't participating in Ramadan. The Ramadan comes again and once again no meal for me. The Sgt. Badge #5342 said its his fault but there is nothing he can do. I wasn't fed at all until the next day, when I'm entitled to 3 meals a day and wasn't provided 3 meals. I was deprived my 3rd meal.

(*Id.* at 4 ¶ IV.)   Annexed to the Complaint is a copy of Plaintiff's Inmate Grievance Form, dated March 19, 2025, wherein he complained about the missed meal. (*Id.* at 6.) Accepting the grievance, on March 26, 2025, the Grievance Coordinator indicated: "Inmate Dillard did not receive his Halal dinner meal on the date and time in question due to kitchen error. Inmate Dillard will continue to receive (3) Halal meals per day." (*Id.*)

In the space that calls for a description of any injuries suffered, Plaintiff wrote: "There was no physical injuries besides hunger and food deprivation without due process my 8th and 14th Amendments were injur[ed]."   (*Id.* at 4 ¶ IV.A.)   For relief, Plaintiff seeks "$50,000 for violation of my constitutional rights . . . ." (*Id.* at 5 ¶ V.)

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for IFP status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

## I.   *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 7) is granted.

II.    **Sufficiency of the Pleadings**

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).   While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y.

Dec. 31, 2014).

**DISCUSSION**

I.     **Section 1983 Claims**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

Here, the Complaint does not allege a plausible Section 1983 claim because the absence of a single meal does not rise to the level of a constitutional deprivation.[2] *See, e.g., Jallow v. Geffner*, No. 23-cv-3969, 2024 WL 37073, at *14 (S.D.N.Y. Jan. 2, 2024) ("Courts in this Circuit have routinely held that an isolated denial of a meal 'does not give rise to a constitutional deprivation.'" (quoting *Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013))). The standard for deliberate indifference under both amendments involves a two-pronged test that

---

[2] Although Plaintiff does not allege whether he is detained pre-trial or is confined in prison, all "[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security." *Arroyo v. Nassau Cnty. Corr.*, No. 22-cv-5611, 2022 WL 16636774, at *3 (E.D.N.Y. Nov. 2, 2022) (quoting *McKoy v. Suffolk Cnty. Corr. Fac.*, No. 21-cv-1873, 2022 WL 1092385, at *2 (E.D.N.Y. Apr. 12, 2022)) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). If Plaintiff is detained pre-trial, he is entitled to the protections of the Fourteenth Amendment's due process clause; whereas, if he is serving a sentence in prison, he is protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

4

requires showing an "objective deprivation" with the requisite "mens rea," *Darnell*, 849 F.3d at 32, 35. To satisfy the first prong, often framed as the "objective prong," both amendments "require[] a showing that the challenged conditions were sufficiently serious such 'that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Volant v. Nassau Cnty.*, No. 2:24-cv-7882, 2025 WL 580367, at *3 (E.D.N.Y. Feb. 23, 2025) (quoting the discussion of Eighth and Fourteenth Amendment conditions of confinement claims in *Darnell*, 849 F.3d at 30). "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (internal quotation marks and citation omitted). The Second Circuit has held that the Constitution requires that prisoners be fed nutritionally adequate food and "under certain circumstances a *substantial* deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (emphasis added). In order to establish a claim that the denial of food constitutes a constitutional deprivation, a prisoner must establish that a "sufficiently serious condition" resulted from not receiving food. *Evans v. Albany Cnty. Corr. Fac.*, No. 9:05-cv-1400, 2009 WL 1401645, at *9 (N.D.N.Y. May 14, 2009) (citation and internal quotation marks omitted).[3]

As for the *mens rea* prong, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that [a prisoner] faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm.'" *Smith v. New York State,* No. 23-cv-6601, 2024 WL

---

[3]Plaintiff's allegation that "I wasn't participating in Ramadan" (DE 1 at 4 ¶ IV) makes clear that his claim is for deliberate indifference rather than for interference with religious practice.

4746554, at *2 (2d Cir. Nov. 12, 2024) (summary order) (*quoting Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)) (emphasis in original). As such, "mere negligence will not suffice." *Id.*   By contrast, under the Fourteenth Amendment, the *mens rea* prong requires showing that the defendant-official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. "In other words, the . . . '*mens rea* prong' . . . is defined objectively" under the Fourteenth Amendment. *Id.*

Here, Plaintiff's allegations do not demonstrate that either prong is met whether Plaintiff's conditions of confinement claim is brought under either the Eighth Amendment or the Fourteenth Amendment.   Taking as true the allegation that on a single date Plaintiff was not served the dinner meal causing him to be hungry from lunch until breakfast the following morning, Plaintiff has not plausibly alleged that this circumstance posed an "unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30; *see also Cabassa v. Oshier,* No. 9:11-cv-01237, 2015 WL 5094802, at *5 (N.D.N.Y. Aug. 28, 2015) (denial of a single meal fails to plausibly state an Eighth Amendment claim); *Hankerson v. Nassau Cnty. Corr. Fac.*, No. 12-cv-5282, 2012 WL 6055019, at *4 (E.D.N.Y. Dec. 4, 2012) (holding that denial of a single meal "falls far short of a 'substantial deprivation of food' and does not rise to the level of a constitutional deprivation") (quoting *Robles*, 725 F.2d at 15)).

Nor does the Complaint allege any facts from which the Court could reasonably find the mens rea prong is met under either the Eighth Amendment's "culpable intent" standard or the Fourteenth Amendment's "knew or should have known" standard. To the contrary, as the exhibit

6

annexed to the Complaint demonstrates, Plaintiff's grievance was accepted, and the Jail acknowledged the kitchen error on that occasion and represented that immediate corrective action would be taken in that "[i]nmate Dillard will continue to receive (3) Halal meals per day." (ECF No. 1 at 6.) Notably, Plaintiff's Complaint is dated April 14, 2025, suggesting that Plaintiff has not had any further issues with his meals after the March 16, 2025 incident described therein. (*Id*., *in toto*.)   Thus, Plaintiff's Section 1983 claims are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in statue

court.

### III.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, the deficiencies in Plaintiff's claims are substantive and could not be cured with better pleading.    Accordingly, leave to amend the Complaint would be futile and is thus is denied.

### IV.    Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As IFP status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit IFP—that is, without first paying the filing fee— if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous,

8

malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See James v.* McIntosh, 24-624, 2024 WL 4662980 (2d Cir. Nov. 4, 2024) ("a district court errs in entering a strike at the dismissal stage") (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding IFP in the instant action. *See id.* As such,

> [t]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).[4]

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of IFP status). This access, however, when done through IFP status, is not

---

[4] *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal IFP unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See, e.g.*, *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's IFP action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's IFP case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation.   And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding IFP here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or

10

appeals IFP.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 7) is granted.

However, the Complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b).   Leave to amend the Complaint is denied. The Clerk of the Court shall enter

judgment accordingly and mail a copy of this order and judgment to the Plaintiff at his address of

record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

**/s/ Gary R**. Brown

_____

Dated:        November 13, 2025                          **Hon. Gary R. Brown**
              Central Islip, New York                    **United States District Judge**

11